IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH S. VIGILANT, II, #Y41237   )
                                  )
            Plaintiff,            )
                                  )
vs.                               )
                                  )  Case No. 20-cv-761-RJD
JACOB A. DUCK, et al,             )
                                  )
            Defendants.           )
                                  )
                                  )

### ORDER

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this case pursuant to 42 USC §1983. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff's case proceeded as an Eighth Amendment claim against Defendants Duck, Zurliene, and Leek for allegedly using excessive force against Plaintiff and/or failing to intervene in an altercation at Centralia Correctional Center (Doc. 13). This matter comes before the Court on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 36 and 37). Plaintiff responded (Doc. 40). As explained further, Defendants' Motion is GRANTED.

### Background

Plaintiff alleges that on June 17, 2020, Defendants Zurliene and Duck grabbed and pulled his arms through a chuckhole in the South 5 cell house at Centralia Correctional Center (Doc. 1, p. 6). They placed handcuffs on him through the chuckhole and continued to pull and twist his arms, dislocating his left shoulder and right thumb (*Id.*). Defendant Duck appeared and twisted the handcuffs on Plaintiff, bruising and scraping him (*Id.*).

Plaintiff submitted a grievance dated June 17, 2020 where he described an altercation with

the sergeant on duty that resulted in Plaintiff's arms and hands being twisted, bent, and cut (Doc. 37-1, p. 23-24). The Warden determined the grievance warranted an expedited review (*Id.*, p. 21-23). Ultimately, the grievance officer recommended that the grievance be denied because Plaintiff's claims could not be substantiated (*Id.*, p. 21). On June 28, 2020, the Warden concurred with the grievance officer's recommendation and denied the grievance (*Id.*). Plaintiff appealed the grievance to the ARB (*Id.*, p. 20). The ARB received his appeal on July 6, 2020 (*Id.*). Plaintiff filed this lawsuit on August 5, 2020 (Doc. 1). He explained in his Complaint that, on the date of filing, he had not received the ARB's decision on his appeal (Id., p. 5). On February 3, 2020, the ARB denied Plaintiff's grievance (Doc. 37-1, p. 20). In his Response to Defendants' Motion for Summary Judgment, Plaintiff simply states that he exhausted his administrative remedies via the June 17, 2020 grievance (Doc. 40, p. 2, 6).

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex*

*Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). Within the grievance, the inmate must include "factual details regarding each aspect of [his] complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." *Id*. §504.810(c). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and

(e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

## Discussion

Defendants are entitled to summary judgment because Plaintiff filed his Complaint before he received the ARB's response to his grievance. The Seventh Circuit takes a "strict compliance approach to exhaustion" and "as long as the administrative authority has the ability to take some action in response to the complaint," the inmate has not exhausted his administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Plaintiff stated in his Complaint that he had not received the ARB's response when he filed suit, and so he did not wait for the prison's administrative process to "run its course before litigation beg[an]." *Id*. Accordingly, the PLRA prohibits this case from proceeding further. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2021) ('the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a "sue first, exhaust later" approach is not acceptable").

## Conclusion

Defendants' Motion for Summary Judgment (Doc. 36) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly. All other pending motions are denied as moot.

**IT IS SO ORDERED.**

**DATED: September 12, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**